UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OMEGA BACCUS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08 0012 |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF AGRICULTURE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and dismiss the complaint.

It appears that plaintiff seeks enforcement of a contract into which he entered with the United States Department of Agriculture as a result of the settlement of a class action in this Court. Plaintiff is "requesting [that][t]he United States Government [] honor the agreement as written," and evidently seeks an award "of $50,000 to $187,5000.00 [sic]." Compl. at 1.

Generally, settlement agreements are treated as contracts "subject to the exclusive jurisdiction of the Court of Federal Claims." *Hansson v. Norton*, 411 F.3d 231. 232 (D.C. Cir. 2005); *see* 28 U.S.C. § 1491(a)(1); *Greenhill v. Spellings*, 482 F.3d 569, 575-76 (D.C. Cir. 2007) (jurisdiction in the Court of Federal Claims is proper for contract claim against federal government in excess of $10,000); *Brown v. United States*, 389 F.3d 1296, 1297 (D.C. Cir. 2004) (per curiam) (claim of breach of settlement agreement against the United States in excess of $10,000 "should have been brought in the Court of Federal Claims pursuant to the Tucker Act"). It appears, then, that this Court has no subject matter jurisdiction over this matter, and the complaint will be dismissed without prejudice. An Order consistent with this Memorandum

Opinion is issued separately.

                                                  /s/ Ellen S. Huvelle
Date: 11/26/07                             United States District Judge